# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOLLIS L. SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-09-372-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Hollis L. Simpson requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1]Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born October 2, 1965, and was forty-three years old at the time of the administrative hearing (Tr. 27, 110). He has a high school education (Tr. 132), and has worked as a sewing machine operator, truck driver, and construction worker (Tr. 21). The claimant alleges inability to work since February 13, 2001 due to emphysema, heart disease, and diabetes (Tr. 127).

## Procedural History

On December 15, 2006, the claimant applied for benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His application was denied. ALJ Michael A. Kirkpatrick conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated June 1, 2009 (Tr. 10-22). The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. § 416.967(a), *i. e.*, he could lift 10 pounds occasionally or 5 pounds frequently, and stand/walk for 2 hours and sit for 6 hours in an 8-hour workday (Tr. 14). The ALJ concluded that although the claimant could not return

to any past relevant work, he was nevertheless not disabled according to "the grids," *i. e.*, Medical-Vocational Rule § 201.28 (Tr. 21).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the opinion of his treating physician, Dr. Bryan Perry; and, (ii) by relying conclusively upon the grids to find he was not disabled. The Court finds the claimant's second contention persuasive for the following reasons.

The claimant saw Dr. Perry, a heart specialist, from August 2006 until October 2007. Dr. Perry's treatment notes indicate he began treating the claimant shortly after a left heart catheterization that had demonstrated a mild narrowing up to one of the claimant's three stents. In his follow-up examinations, Dr. Perry noted that the claimant was five feet, eleven inches tall; weighed over 280 pounds; and complained of intermittent chest pain, but was "doing well" from a "cardiovascular standpoint" by March 20, 2007 (Tr. 764). On January 13, 2009, Dr. Perry completed a physical Medical Source Statement ("MSS") as to the claimant, which opined that the claimant could do no lifting; could stand/walk for 10 minutes in an eight-hour workday; could sit for one hour in an eight-hour workday; was required to lie down during the normal workday to manage pain; could never climb, balance, stoop, kneel, crouch, or crawl, and only occasionally reach, handle, finger, and feel; and had breathing problems in extreme temperatures and dust fumes. He stated that his assessment was based on the claimant's two myocardial infarctions, hypertension, COPD due to previous smoking, diabetes, GERD, and neuropathy of the feet due to diabetes (Tr. 752-53).

The claimant argues that he cannot perform a full range of sedentary work because of obesity (a nonexertional impairment), and that the ALJ was therefore precluded from determining he was disabled by applying the grids conclusively. Conclusive application of the grids is "particularly inappropriate when evaluating nonexertional limitations such as pain and mental impairments." *Hargis v. Sullivan,* 945 F.2d 1482, 1490 (10th Cir. 1991), *citing Channel v. Heckler,* 747 F.2d 577, 580-81 (10th Cir. 1984). The grids *may* be applied conclusively to nonexertional impairments if the "nonexertional impairments do not significantly reduce the underlying job base." *Lopez v. Barnhart,* 78 Fed. Appx. 675, 679 (10th Cir. 2003), *citing Evans v. Chater,* 55 F.3d 530, 532 (10th Cir. 1995). "'The ALJ, however, must back such a finding of negligible effect with the evidence to substantiate it.'" *Id.*, *quoting Talbot v. Heckler,* 814 F.2d 1456, 1465 (10th Cir. 1987).

Social Security Ruling 02-1p states that the effects of obesity must be considered throughout the sequential evaluation process. *See* 2000 WL 628049 at *1. The Listing of Impairments with regard to the respiratory system references obesity and explains that "[t]he combined effects of obesity with respiratory impairments can be greater than the effects of each of the impairments considered separately." The ALJ "must consider any additional and cumulative effects of obesity" when assessing an individual's RFC. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A, 3.00 Respiratory System. However, "[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Therefore, "[a]ssumptions about the severity or functional effects of obesity combined with other impairments [will not be made]," and

"[w]e will evaluate each case based on the information in the case record." Soc. Sec. Rul. 02-1p, 2000 WL 628049 at *6.

The ALJ found at step two that the claimant's obesity was a severe impairment, but did not determine its effects on his other impairments or his ability to perform work at step four. *See, e. g., Fleetwood v. Barnhart*, 211 Fed. Appx. 736, 741-42 (10th Cir. 2007) (noting that "obesity is [a] medically determinable impairment that [the] ALJ must consider in evaluating disability; that [the] combined effect of obesity with other impairments can be greater than effects of each single impairment considered individually; and that obesity must be considered when assessing RFC."), *citing* Soc. Sec. Rul. 02-01p, 2000 WL 628049, at *1, *5-*6, *7; *Baker v. Barnhart*, 84 Fed. Appx. 10, 14 (10th Cir. 2003) (noting that the agency's ruling in Soc. Sec. Rul. 02-01p on obesity applies at all steps of the evaluation sequence). Because the ALJ failed to account for the effects of the claimant's obesity at step, he was precluded from conclusively applying the grids at step five. *See Allen v. Barnhart*, 357 F.3d 1140, 1143 (10th Cir. 2004) (noting that when the ALJ does not properly evaluate the claimant's impairments at step four, it is error for him to apply the grids at step five).

Accordingly, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis of the claimant's obesity. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 28th day of March, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma